**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN HORTON**, individually and on behalf of all others similarly situated, | ) | Case No. 5:26-cv-00336 |
| | ) | Judge John R. Adams |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **CHROME DEPOSIT CORPORATION**, | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. Rule 15(a)(1), Named Plaintiff Brian Horton ("Named Plaintiff"), on behalf of himself and others similarly situated, for his collective and class action Amended Complaint against Defendant Chrome Deposit Corporation ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and O.R.C. § 2307.60. Named Plaintiff also brings this lawsuit under the common law of Ohio for Defendant's failure to pay Named Plaintiff for all hours worked in those weeks when Named Plaintiff and other similarly situated employees worked less than 40 hours.

2. Named Plaintiff brings this case as a collective action on behalf of himself and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA, the OPPA, and O.R.C. § 2307.60 on behalf of himself and on behalf of other similarly situated employees employed by Defendant in Ohio.

4. Furthermore, Named Plaintiff brings a claim pursuant to O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a, for Defendant's failure to respond to valid document requests within the required thirty (30) business days.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

7. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiff

8. Named Plaintiff Brian Horton is an adult individual residing in Canton, Ohio. Named Plaintiff's written Consent to Joint this Action was attached as Exhibit A to the Original Complaint (ECF No. 1-1).

9. Named Plaintiff was employed by Defendant from approximately March 18, 2024, until June 16, 2025, as an hourly, non-exempt manufacturing employee. Specifically, Named Plaintiff was employed by Defendant as an hourly machinist at Defendant's location in Akron, Ohio.

10. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Named Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendant**

12. Defendant Chrome Deposit Corporation is a for-profit Indiana corporation with its headquarters at 1566 Firestone Pkwy, Akron, OH 44301. Defendant can be served through its Ohio registered statutory agent: Peter J. Bailer, R. D. 2, Dillonvale, OH 43917.

13. At all relevant times, Defendant was an employer of Named Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that it has employees engaged in commerce or in the production of goods for commerce.

15. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and Ohio law.

## FACTS

**A. Defendant failed to pay Named Plaintiff and those similarly situated all overtime compensation earned because Defendant failed to properly calculate the regular rate of pay.**

16. Defendant owns and operates manufacturing facilities in Ohio, South Carolina, Mississippi, and Indiana.

17. Defendant employs hourly workers to provide various manufacturing services.

18. Named Plaintiff and other similarly situated employees were hourly manufacturing employees who worked for Defendant since February 10, 2023. Defendant agreed to pay Named Plaintiff and other similarly situated employees for all hours worked for Defendant at a set hourly rate. Defendant further agreed to pay Named Plaintiff and other similarly situated employees for all hours worked for Defendant over forty (40) in a workweek at a premium rate of time and a half their properly calculated regular rate. At no time was Named Plaintiff or other similarly situated employees paid on a salary basis.

19. Named Plaintiff was paid approximately $36.00 per hour. Named Plaintiff was also provided weekly attendance bonuses ("Attendance Bonus").

20. Defendant failed to include Named Plaintiff's Attendance Bonuses when calculating Named Plaintiff's overtime rate. Rather, such overtime rate was calculated based only on Named Plaintiff's $36.00 base hourly rate.

21. For example, for the pay period starting April 2, 2025, and ending April 20, 2025, Named Plaintiff worked one or more weeks that exceeded 40 hours. Named Plaintiff also received an Attendance Bonus for the same pay period. Defendant calculated and paid him at an overtime rate equal to $54.00, which is based solely on Named Plaintiff's base hourly rate (i.e., $36.00 * 1.5 = $54.00) and excludes the weekly Attendance Bonus.

22. Failing to include weekly Attendance Bonuses when calculating the regular rate for overtime payment purposes is a companywide practice and policy affecting all hourly employees who receive such bonuses.

23. Because this additional, non-discretionary pay was not included in their regular rates of pay, Defendant violated the FLSA and Ohio law by not paying Named Plaintiff and others similarly situated all overtime wages earned in a timely manner.

24. Such violation was particularly willful because the underpayment of overtime was apparent on every paystub in which the overtime pay was due.[1]

25. As can be shown by Defendant's actions, Defendant has not acted in good faith and its violations of the FLSA and Ohio law were particularly willful.

**Defendant's Recordkeeping Violations**

---

[1] During a recent meet and confer, Defendant's counsel acknowledged that Defendant underpaid overtime and has attempted to make unilateral payments to absent collective and class members. Defendant's conduct appears designed to circumvent the Court's supervision of this wage-and-hour dispute and to prevent similarly situated employees from verifying whether the payments, including any purported liquidated damages, were properly calculated. Defendant's conduct also prevents Named Plaintiff from determining whether all similarly situated employees in Ohio were included in Defendant's unilateral payment effort, further obscuring Defendant's attempt to evade judicial oversight of this dispute.

To the extent any, yet-to-be identified, similarly situated employee has cashed a check, such payments cannot be used to offset overtime compensation that is due no later than the regular pay day after the overtime compensation was earned. *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580, 590 (6th Cir. 2002) ("[T]he statute is violated even if the employer eventually pays the overtime amount that was due.") (*citing Howard v. City of Springfield*, 274 F.3d 1141, 1148 (7th Cir. 2001)). "[A]n employer must pay overtime 'promptly and when due' and is not allowed to compromise or settle sums due employees by 'withholding wages beyond the time when they should be paid.'" *Herman*, 308 F.3d at 591 (*citing Roland Electric Co. v. Black*, 163 F.2d 417, 421 (4th Cir. 1947)). Instead, such payments are no more than a gift or bonus, which in turn must be calculated into the employees' regular rates of pay. Even if payments are creditable under 29 U.S.C. § 7(h) (which they are not), such payments "may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Herman*, 308 F.3d at 592 (citing 1985 WL 304329, at *3 (DOL Wage-Hour, December 23, 1985)).

Thus, Defendant's intent in sending checks to similarly situated employees was to chill participation in this lawsuit, anticipated by Defendant's Counsel. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 871-72 (S.D. Ohio 2011) ("Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit.") (*citing Belt v. Emcare Inc.*, 299 F. Supp. 2d 664, 667-68 (E.D. Tex. 2003)); "[T]he court expressed its displeasure with the defendant's actions, which, the court surmised, were at least partly calculated to prevent potential class members from opting in to this litigation." *Woods v. RHA/Tennessee Group Homes, Inc.*, 803 F. Supp. 2d 789, 794 (M.D. Tenn. 2011).

26. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

27. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

28. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked and accurate overtime earned and owed through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

29. However, because of Defendant's policy of not including weekly Attendance Bonuses when calculating employees' regular rate of pay for overtime purposes, Defendant failed to accurately calculate Named Plaintiff and other similarly situated employees' regular rate of pay for overtime purposes.

30. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly calculated regular rates of pay. Defendant's failure to properly calculate regular rates of pay had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

31. Defendant willfully and intentionally did not correctly record and pay all hours worked at the appropriate rate in violation of the FLSA and violated the FLSA's recordkeeping requirements.

**Defendant failed to Produce Documents in Accordance with O.R.C. § 4111.14(G) and the Ohio Const. Art. II, § 34(a)**

32. Named Plaintiff authorized Plaintiff's counsel to request his time and pay records pursuant to O.R.C. § 4111.14(G) and the Ohio Const, Art. II, § 34(a).

33. Counsel sent said document requests on January 30, 2026, with the documents being due for production by March 24, 2026.

34. To date, Defendant has failed to produce the requested documents.

35. Upon information and belief, Defendant complied with Ohio Const. Art. II § 34a, and maintained a record of Named Plaintiff's employment records, including his "name, address, occupation, pay rate, hours worked for each day worked and each amount paid…for a period of not less than three years following the last date" Named Plaintiff was employed. Ohio Const. Art. II, §34a.

36. Named Plaintiff's document requests sought the documents Defendant was required to maintain pursuant to the Ohio Constitution, Ohio Const. Art. II, § 34a.

37. Presuming Defendant complied with its obligations under the Ohio Constitution, production of the requested documents would not cause an undue hardship of Defendant because the requested documents are in Defendant's possession custody, and control.

38. As of this filing, Defendant has not produced the requested time and pay data, and other employment records for Named Plaintiff.

39. Accordingly, more than thirty (30) business days have passed since Named Plaintiff's document requests, and Defendant is in violation of O.R.C. § 4111.14(G) and the Ohio Const. Art. II, § 34a.

40. As a result of such violations, Named Plaintiff is entitled to costs and attorneys' fees for having to file this amended complaint for the purpose of seeking Court intervention and Defendant's compliance with O.R.C. § 4111.14(G) and Ohio Const. Art. II, 34a.

## COLLECTIVE ACTION ALLEGATIONS

41. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

42. The FLSA Collective members who are "similarly situated" to Named Plaintiff for which Named Plaintiff seeks to represent and for which Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly employees of Defendant, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from February 10, 2023 through final disposition of this matter ("FLSA Collective").**

43. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

44. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rate for all hours that exceeded forty (40) in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

45. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

46. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio, which are defined as:

> **All current and former hourly employees of Defendant in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from February 10, 2024 through final disposition of this matter ("Ohio Overtime Class").**
>
> **All current and former hourly paid employees of Defendant in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from February 10, 2020 through final disposition of this matter ("Ohio Breach of Contract Class").**
>
> **All current and former hourly paid employees of Defendant in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours**

**during any such workweeks at any time from February 10, 2022 through final disposition of this matter ("Ohio Quantum Meruit Class").**

**All current and former hourly paid employees of Defendant in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from February 10, 2022 through final disposition of this matter ("Ohio Unjust Enrichment Class").**

47. The Ohio Overtime Class, Ohio Breach of Contract Class, Ohio Quantum Meruit Class, and Ohio Unjust Enrichment Class will be jointly referenced as the Ohio Classes.

48. Each class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed 40 individuals each. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

49. There are questions of law or fact common to the Ohio Classes including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendant's failure to in include Named Plaintiff's and other similarly situated employees' non-discretionary compensation when calculating their regular rates of pay.

50. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Classes, listed above, are common to each class as a whole, and predominate over any questions affecting only individual Ohio Class members.

51. Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Classes.

52. Named Plaintiff and the Ohio Classes have all been injured in that they have not been timely compensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

53. Named Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.

54. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

56. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and on behalf of the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

58. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

59. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective members should have been paid overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay when they worked more than forty (40) hours in a workweek.

60. Named Plaintiff and the FLSA Collective members were not paid all overtime earned because Defendant failed to include non-discretionary compensation, including but not limited to weekly Attendance Bonuses, into their regular rates of pay when calculating overtime.

61. At all relevant times, Named Plaintiff and other similarly situated employees regularly worked forty (40) or more hours per workweek for Defendant.

62. Named Plaintiff and the FLSA Collective members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

63. Defendant's practice and policy of failing to include the non-discretionary compensation noted above into Named Plaintiff and other similarly situated employees' regular rates of pay when calculating overtime resulted in Defendant's failure to pay Named Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.23.

64. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

65. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

66. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

67. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Class – Overtime Violations)**

68. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

70. Named Plaintiff and the Ohio Class members were not paid all overtime earned because Defendant failed to include non-discretionary compensation, including but not limited to weekly Attendance Bonuses, into their regular rates of pay when calculating overtime.

71. At all relevant times, Named Plaintiff and the Ohio Class members regularly worked forty (40) or more hours per workweek for Defendant.

72. Defendant's practice and policy of failing to include the non-discretionary compensation noted above into Named Plaintiff and the Ohio Class members' regular rates of pay when calculating overtime resulted in Defendant's failure to pay Named Plaintiff and the Ohio Class members overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek.

73. Named Plaintiff and the Ohio Class members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of forty (40) in a workweek, resulting in overtime violations of Ohio law.

74. Defendant failed to pay Named Plaintiff and the Ohio Class members the required overtime compensation.

75. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

76. Defendant's practice and policy of not paying Named Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) hours per workweek is a violation of the OMFWSA.

77. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

78. As a result of Defendant's violations of the OMFWSA, Named Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**COUNT THREE**
**(Ohio Class – Breach of Contract)**

79. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

80. Named Plaintiff seeks compensation for Defendant's failure to pay Named Plaintiff a premium rate of time and a half Named Plaintiff's properly calculated regular rate of pay for all hours worked in excess of forty (40) in a workweek as a result of Defendant's failure to include non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay for overtime purposes.

81. A valid and enforceable agreement existed between Named Plaintiff and Defendant, and the Breach of Contract Class Members and Defendant, the terms and conditions of which include, but are not limited to, an agreement by Named Plaintiff and the Breach of Contract Class Members to perform services for Defendant, and for Defendant to pay Named Plaintiff and the Breach of Contract Class Members for all hours worked at an agreed hourly rate, and for Defendant to pay Named Plaintiff and the Breach of Contract Class Members for all hours worked over forty (40) in a workweek at a premium rate of time and a half their properly calculated regular rate.

82. More specifically, under Ohio law, the elements of an enforceable contract are an offer, acceptance, consideration, and mutual meeting of the minds.

83. Here, a contract was formed at the time Named Plaintiff was hired by Defendant. The contract was an offer made at the time of hire. The contract was a written contract, memorialized through Defendant's integrated compensation systems, including Defendant's employee

handbook(s), payroll records, written policies, and pay statements. The terms of the contract were straightforward. Named Plaintiff agreed to perform work for Defendant in exchange for Defendant's payment of an hourly rate for all hours worked by Named Plaintiff, including a premium of time and a half Named Plaintiff's properly calculated regular rate for all hours worked over forty (40) in a workweek. That is, Defendant made an offer to Named Plaintiff and each member of the Breach of Contract Class to pay Named Plaintiff and each member of the Breach of Contract Class an hourly rate for all work performed for Defendant, and a premium rate of time and a half their properly calculated regular rate for all hours worked for Defendant over forty (40) in a workweek. Named Plaintiff accepted that offer and began performing work for Defendant. Defendant violated the agreement by failing to pay a premium rate of time and a half Named Plaintiff's properly calculated regular rate of pay for all hours worked over forty (40) in a workweek by failing to include non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay.

84. Further, the consideration provided by Defendant to Named Plaintiff was a set amount of money for each hour worked, and a premium rate for each hour worked over forty (40) in a workweek. Moreover, Defendant and Named Plaintiff had a meeting of the minds of an agreed hourly rate for all hours worked, and an agreed premium rate for all hours worked over forty (40) in a workweek. Again, Defendant violated this agreement.

85. Defendant failed to include Named Plaintiff's non-discretionary bonuses, including but not limited to Attendance Bonuses, when calculating Named Plaintiff's regular rate of pay for overtime purposes, and therefore, breached their agreement with Named Plaintiff. Non-discretionary bonuses should have been included when Defendant calculated Named Plaintiff's regular rate of pay for overtime purposes.

86. Finally, Named Plaintiff suffered damages as a result of Defendant's breach of the agreement. Named Plaintiff was not paid one and one-half times his properly calculated regular rate of pay for all hours worked over forty (40) in a workweek. Consequently, he was denied monetary compensation due under the law.

87. The same facts exist for the Breach of Contract Class Members.

88. Named Plaintiff and the Breach of Contract Class Members duly performed under the agreement at Defendant's direction and for its benefit, as noted herein.

89. Defendant failed and refused to fulfill its obligations under the agreement by not including non-discretionary bonuses, including but not limited to Attendance Bonuses, in the calculation of Named Plaintiff's and the Breach of Contract Class Members' regular rate of pay for overtime purposes.

90. Named Plaintiff and the Breach of Contract Class Members are entitled to recover damages from these breaches from February 10, 2020.

## COUNT FOUR
## (Ohio Class – Quantum Meruit)

91. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

92. Named Plaintiff seeks compensation for Defendant's failure to pay Named Plaintiff a premium rate of one and one-half times Named Plaintiff's properly calculated regular rate of pay for all hours worked in excess of forty (40) in a workweek as a result of Defendant's failure to include non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay for overtime purposes.

93. This claim is pled in the alternative to Count Three. Named Plaintiff and the Quantum Meruit Class Members performed and provided valuable work (described in this Amended Complaint) to Defendant during their employment with Defendant.

94. The hours Named Plaintiff and the Quantum Meruit Class Members worked over forty (40) in a workweek constituted compensable overtime hours that was primarily for the benefit of Defendant, performed at the direction of Defendant, performed during the workday, and performed during prescribed hours.

95. Defendant had knowledge of, accepted, appreciated, and retained the benefit of Named Plaintiff's and the Quantum Meruit Class Members' overtime hours.

96. No contract exists between Named Plaintiff and Defendant, and the Quantum Meruit Class Members and Defendant.

97. Defendant had reasonable notice and/or knowledge that Named Plaintiff and the Quantum Meruit Class Members expected to be compensated at the premium rate of one and one-half times their properly calculated regular rate of pay for all hours worked over forty (40) in a workweek.

98. Defendant failed to pay Named Plaintiff and the Quantum Meruit Class Members the reasonable value of their work.

99. Under the circumstances described in this Amended Complaint, it would be inequitable for Defendant to retain the benefit without proper payment of value to Named Plaintiff and the Quantum Meruit Class Members.

100. Named Plaintiff and the Quantum Meruit Class Members are entitled to recover damages under this claim from February 10, 2022.

## COUNT FIVE
**(Ohio Class – Unjust Enrichment)**

101. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

102. Named Plaintiff seeks compensation for Defendant's failure to pay Named Plaintiff a premium rate of one and one-half times Named Plaintiff's properly calculated regular rate of pay for all hours worked in excess of forty (40) in a workweek as a result of Defendant's failure to include non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay for overtime purposes.

103. This claim is pled in the alternative to Count Three. Named Plaintiff and the Unjust Enrichment Class Members performed and provided valuable work (described in this Amended Complaint) to Defendant during their employment with Defendant.

104. The services provided by Named Plaintiff and the Unjust Enrichment Class Members provided a benefit to Defendant. Namely, the overtime work performed by Named Plaintiff and the Unjust Enrichment Class Members provided a benefit to Defendant by ensuring that Defendant had products to sell in order to sustain its business.

105. Defendant was aware of the benefit provided by Named Plaintiff and the Unjust Enrichment Class Members. Indeed, Defendant required overtime work to be performed, had knowledge of the overtime work, and was aware of the benefit provided by Named Plaintiff and the Unjust Enrichment Class Members working overtime.

106. The overtime work constituted compensable work that was primarily for the benefit of Defendant, performed at the direction of Defendant, performed during the workday, and performed during prescribed hours.

107. Defendant had knowledge of, accepted, appreciated, and retained the benefit of Named Plaintiff's and the Unjust Enrichment Class Members' overtime work.

108. Under these circumstances, it would be unfair and inequitable for Defendant to retain the benefit of the services and work performed by Named Plaintiff and the Unjust Enrichment Class Members without compensating them at the premium rate of one and one-half times their properly calculated regular rates of pay for all overtime hours.

109. Named Plaintiff and the Unjust Enrichment Class Members are entitled to recover damages under this claim from February 10, 2022.

**COUNT SIX**
**(Ohio Classes – Prompt Pay Claim)**

110. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

111. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

112. Named Plaintiff brings this claim for violation of Ohio's Prompt Pay Act, on behalf of himself and all members of the Ohio Classes.

113. Here, Defendant failed to pay Named Plaintiff and those similarly situated for all overtime compensation at a rate of one and one-half times their properly calculated regular rates of pay within the time periods required by the OPPA. This resulted in Named Plaintiff and others similarly situated not receiving all wages that they earned and were entitled to receive under state and federal law.

114. There is no dispute that Named Plaintiff and those similarly situated are required to be paid all work time, including regular wages and overtime, under Ohio law.

115. Named Plaintiff and the members of the Ohio Classes were not timely paid all wages earned because Defendant failed to include the non-discretionary compensation, including but not limited to weekly Attendance Bonuses, into Named Plaintiff and the members Ohio Classes' regular rates of pay when calculating overtime.

116. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

117. Defendant's failure to pay all wages due under Ohio's Prompt Pay Act to Named Plaintiff and the members of the Ohio Classes entitles them to the unpaid wages, plus "an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**COUNT SEVEN**
**(Ohio Classes and Civil Penalties for Criminal Acts – O.R.C. § 2307.60)**

118. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

119. Named Plaintiff brings this claim for Civil Penalties for Criminal Acts, pursuant to O.R.C. § 2307.60 on behalf of himself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

120. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

121. By its acts and omissions described herein, Defendant has willfully violated the FLSA and Named Plaintiff and the members of the Ohio Classes were injured as a result.

122. Ohio R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

123. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the members of the Ohio Classes are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**COUNT EIGHT**
**(Violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a)**

124. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

125. As of January 30, 2026, time and pay records were requested by Named Plaintiff's authorized and legal representative, pursuant to Ohio Const. Art. II, § 34a.

126. At all relevant times, Defendant was Named Plaintiff's "employer" as defined in O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

127. As Named Plaintiff's employer, Defendant was required to maintain records relating to Named Plaintiff's employment in accordance with Ohio law.

128. Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendant was required to "provide such information without charge to an employee or person acting on behalf of an employee upon request … within thirty (3) business days."

129. Named Plaintiff's counsel made such requests upon Defendant on January 30, 2026.

130. More than 30 business days have passed, and of this filing, Defendant has not produced any records for Named Plaintiff.

131. Because no employment records have been produced, and 30 business days have passed since the requests, Defendant has violated O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the members of the Ohio Classes;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the FLSA Collective members, and the members of the Ohio Classes;

D. Award Named Plaintiff, the FLSA Collective member, and the members of the Ohio Classes actual damages for unpaid wages;

E. Award Named Plaintiff and the FLSA Collective members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective members;

F. Award Named Plaintiff and the members of the Ohio Classes, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars ($200), whichever is greater;

G. Find that Defendant acted willfully and without a good faith basis for its violations of the FLSA and O.R.C. § 2307.60;

H. Award Named Plaintiff and the members of the Ohio Classes compensatory and punitive damages pursuant to O.R.C. § 2307.60;

I. Award Named Plaintiff, the FLSA Collective members, and the members of the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

J. Award Named Plaintiff, the FLSA Collective members, and the members of the Ohio Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

K. Award Named Plaintiff, the FLSA Collective members, and the members of the Ohio Classes any such further and additional relief as this Court deems just and proper; and

L. Direct Defendant to produce all documents to O.R.C. § 4111.14(G) at no cost to Named Plaintiff, the FLSA Collective members, or the members of the Ohio Classes.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
Nicholas A. Boggs (0102430)
700 W. St. Clair Ave., Suite 320
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
nboggs@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
*Counsel for Plaintiffs*